## BLUE JAY LUMBER CO. v. UNITED STATES.

### No. 42847.

Court of Claims.

Nov. 14, 1938.

# 126

Frederick L. Pearce, of Washington, D. C. (Morris, KixMiller & Baar, of Washington, D. C., on the brief), for plaintiff.

Daniel F. Hickey, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

An examination of the claim for credit filed May 14, 1921, in the amount of $16,286.92, in respect of the taxes paid for 1917, 1918, and 1919 to unpaid taxes assessed for 1920, discloses that in the grounds and facts set forth in the claim no portion of the amount of $16,286.92 claimed as a credit was asserted as an overpayment for 1918. The claim for credit shows that the overpayment of $16,-286.92 represented the difference between the total taxes paid by plaintiff and its affiliated corporations for the years 1917 to 1919, inclusive, in the amount of $81,-056.13, and the total taxes shown to be due for those years in the amended con-solidated returns filed by plaintiff for itself and such affiliated corporations in the total amount of $64,769.21. The tax paid for 1918 amounted to $33,509.83 and the tax shown upon the amended consolidated return filed for that year was $37,327.-82, or $3,817.99 in excess of the amount originally paid. The facts set forth in the claim for credit show that the over-payment of $16,286.92 claimed as a credit against 1920 arose from claimed excess payments for 1917 and 1919. We are unable to find in the record any other fact or ground urged before the Commissioner of Internal Revenue in writing within the time allowed by law that would support a judgment in favor of plaintiff in this proceeding.

The Commissioner of Internal Revenue at no time during the course of his audits of the returns of plaintiff and its affiliated corporations for 1917 to 1919, inclusive, determined an overassessment in respect of the year 1918 and the facts do not establish that the Commissioner considered the matter of the sufficiency or insufficiency of the claim for credit filed May 14, 1921, until after the determination of the over-payment by the Board of Tax Appeals; and the facts of record further fail to show that any paper or document in writing asserting or claiming an overpayment for 1918 was filed with the Commissioner on or before April 1, 1926. In his first audit letter of December 8, 1925, the Commis-sioner determined a deficiency of $8,899.-80 for 1918. Thereafter, on August 5, 1926, the Commissioner mailed to plaintiff a sixty-day notice of his final determina-tion in respect of the taxes for 1917 to 1920, inclusive. In this determination the Commissioner determined and asserted an additional tax of $10,085.27 for 1918.

Upon receipt by plaintiff of the Commissioner's first audit letter of Decem-ber 8, 1925, above-mentioned, showing his determination in respect of plaintiff's tax liability for the years 1917 to 1921, in-

clusive, plaintiff, on January 2, 1926, filed with the Commissioner a written protest or appeal setting forth certain exceptions to the proposed adjustments made by the Commissioner in respect of the tax liability for the years 1917 to 1921, inclusive, but neither the original nor a copy of such written protest or appeal could be located by the government or the plaintiff, and the nature of the protests and exceptions set forth in the document are unknown to the court. Although this appeal and protest was filed with the Commissioner within the time within which plaintiff could have filed a valid claim for credit or refund, we cannot assume that a claim for an overpayment for 1918 was properly asserted therein. In the audit letter, to which the appeal and protest of January 2, 1926, was filed by plaintiff, the Commissioner determined overassessments for 1917 and 1919 and deficiencies for 1918 and 1920. The petition before the Board of Tax Appeals was filed subsequent to April 1, 1926, and more than four years after the tax for 1918 had been paid.

In these circumstances plaintiff is not entitled to recover and the petition must be dismissed. It is so ordered.